UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Chicago Import, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-C-2885 |
| | ) | |
| v. | ) | Hon. Judge Charles R. Norgle, Sr. |
| | ) | |
| **American States Ins. Co.,** | ) | Mag. Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge.

Pending before this Court is A. Schoeneman & Co.'s motion to intervene [17, 18].[1] This Court has considered the motion and exhibits in support, the response in opposition filed by defendant American States Insurance Co. [21], and A. Schoeneman & Co.'s reply [22]. For the reasons set forth below, the motion to intervene is denied.

**I.     BACKGROUND**

This case arises out of a fire that allegedly destroyed a warehouse located at 4150 N. Knox Avenue in Chicago, Illinois. Plaintiff Chicago Import, Inc. ("plaintiff" or "Chicago Import") is an Illinois corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 4 [1].) Chicago Import maintains that at the time of the fire, that warehouse was fully stocked with its inventory, and that inventory had a cost basis of over $6 million. (*Id.* ¶¶ 11, 12.)

---

[1] Schoeneman also filed a two-page "Petition for Intervention" [18] contemporaneously with its "Motion to Intervene" [17]. For purposes of determining whether to allow Schoeneman to intervene, this Court finds no substantive difference between them.

On May 12, 2009, Chicago Import filed a complaint against defendant American States Insurance Co. ("defendant" or "ASI"), seeking, among other things, a declaration that ASI owes Chicago Import $5 million, plus interest, under a first-party insurance policy that ASI issued to Chicago Import. ASI is an Indiana corporation with its principal place of business in Seattle, Washington. (Ans. & Aff. Defs. ¶ 5 [13].) The complaint invoked the Court's original jurisdiction pursuant to 28 U.S.C. 1332, as the suit is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. (Compl. ¶ 2.)

In its answer, filed July 23, 2009, ASI denied the material allegations of Chicago Import's complaint. ASI also asserted numerous affirmative defenses, including that Chicago Import failed to comply with the Duties in the Event of Loss provision of the policy, and violated the Concealment, Misrepresentation or Fraud provision of the policy. (Answer & Aff. Defs. at 18-20.)

On December 4, 2009, A. Schoeneman & Co., Inc. ("Schoeneman") filed the pending motion to intervene [17] in this case. Schoeneman is the public adjuster hired by Chicago Import to estimate the loss caused by the warehouse fire. (Mot. to Intervene ¶ 2.) Schoeneman is an Illinois corporation with its principal place of business in Illinois. (Pet. for Intervention ¶ 1 [18].)

According to Schoeneman's revised proof of loss statement, the warehouse fire caused in excess of $5 million worth of inventory damage. (Mot. to Intervene, Ex. 1B.) Under Schoeneman's three paragraph contract with Chicago Import, Schoeneman is to be paid "five per cent of whatever may be recovered from said claim or claims either by settlement, suit or in any other manner." (*Id.*, Ex. 1A.) The contract also provides that,

2

"[t]o secure the payment of these fees ... [Chicago Import] hereby authorize[s] the insurance companies involved to withhold sufficient funds from [Chicago Import's] settlement or recovery to pay A. Schoeneman & Co., Inc. for such fees and advances and [Chicago Import] assign[s] to A. Schoeneman & Co. the proceeds of such policies of insurance to the extent necessary to satisfy such fees and advances." (*Id.*)

## II. LEGAL STANDARD

A party may seek intervention as of right under Federal Rule of Civil Procedure 24(a) if the party has "an interest" and is "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). Intervention as of right is required only where applicants "establish that: (1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to represent adequately their interest." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). The party seeking intervention has the burden of establishing each of these elements. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). The failure to establish any of these elements is grounds to deny the petition. *Id.*

Under Federal Rule of Civil Procedure 24(b), "the court may permit" intervention in its discretion where the applicant's claim "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see also Ligas*, 478 F.3d at 775. As with Rule 24(a), applications under Rule 24(b) must also be timely. Fed. R. Civ. P. 24(b); *see also Sokagon Chippewa Cmty v. Babbitt,* 214 F.3d 941, 949 (7th Cir. 2000).

Finally, independent jurisdiction over the claim must exist. *Ligas*, 478 F.3d at 775. However, "[j]urisdiction is not defeated by the intervention of a party who had 'no interest whatsoever in the outcome of the litigation until sometime after suit was commenced.'" *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir 2006) (*quoting Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam)).

Under either subsection (a) or (b), a motion to intervene "must ... be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

### III. ANALYSIS

Schoeneman's motion to intervene totals less than three pages. At best, the motion provides cursory treatment of the requirements that Schoeneman bears the burden of establishing to justify intervention. In sum, Schoeneman argues that intervention as of right pursuant to Rule 24(a) is appropriate because its ability to recover under its contract with Chicago Import is "dependent and entirely contingent" upon the resolution of Chicago Import's claims against ASI, and thus "disposing of the underlying litigation would necessarily impede or impair Schoeneman's ability" to protect its interest. (Mot. to Intervene ¶ 9.) Schoeneman also contends that permissive intervention under Rule 24(b) is warranted because "not only are there common questions of fact in determining the amount of loss, but there are also common questions of law in terms of whether the contract of insurance applies to this loss." (*Id.* ¶ 10.) Schoeneman's motion fails altogether to address the issue of timeliness, as well

4

as the original jurisdiction requirement of Rule 24(b).[2]

### A. Schoeneman Has Not Established that its Motion is Timely Under Rule 24(a) or Rule 24(b).

A prospective intervenor "must move promptly to intervene," as soon as it "knows or has reason to know that [its] interests might be adversely affected by the outcome of the litigation." *Sokagon Chippewa Community,* 214 F.3d at 949. Applications under either subsection (a) or (b) of Rule 24 must be timely. *Id.*

Despite the fact that the movant bears the burden of establishing each element warranting intervention, Schoeneman's motion says nothing regarding the issue of timeliness. Based on the May 12, 2007 execution date of Schoeneman's contract with Chicago Import (Mot. to Intervene, Ex. 1A), Schoeneman knew as of that date that its right to payment from Chicago Import was contingent on Chicago Import's recovery from its insurer. The docket reflects that Schoeneman moved to intervene approximately seven months after Chicago Import filed suit against ASI, and approximately four months after ASI answered the complaint. [*Cf.* 17 *with* 1, 13.] However, with no other information from Schoeneman regarding the timing of its motion to intervene, this Court is unable to determine whether those lengths of time are too long or not. *See, e.g., Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002) (court had discretion to conclude that 10-month delay rendered motion

---

[2] Presumably coincidentally, on the same date it moved in intervene in this matter, Schoeneman filed a motion to intervene in another insurance coverage dispute pending in this District. *See General Ins. Co. of Am. v. Clark Mali Corp. et al.*, No. 08 C 2787 (N.D. Ill.). This Court denies Schoeneman's motion here for many of the same reasons thoughtfully articulated by Magistrate Judge Cole in his opinion denying Schoeneman's motion to intervene there. *See id.,* No. 08 C 2787, 2010 WL 807433 (N.D. Ill. Mar. 10, 2010).

untimely).  Thus, Schoeneman has failed to meet its burden of establishing that it filed its motion to intervene in a timely manner.

Schoeneman's reply does mention one of the factors the Court should consider when determining whether a motion is timely; namely, the prejudice (or lack thereof) caused to the original parties by the delay.  *See Sokagon Chippewa Community,* 214 F.3d at 949 ("We consider the following factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances."). Schoeneman contends that since, as of the time it filed its reply, "no depositions have taken place, no trial date has been set, and Schoeneman is willing to meld his petition for intervention within the existing discovery schedule, there is no prejudice to any party in allowing the intervention."  (Reply at 3 [22].)  While Schoeneman's assertion regarding the lack of prejudice to Chicago Import and ASI may be accurate, "[a]n argument raised for the first time in a reply brief is waived."  *Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002).

As for any prejudice to Schoeneman if intervention is denied, the motion and reply are silent on that factor.  The only possible prejudice this Court can glean from Schoeneman's filings is that Schoeneman believes that, if permitted to intervene, it could present a better case than Chicago Import as to the amount of the fire loss, thereby increasing the amount Schoeneman would receive under its contract.  (Reply at 2.)  However, Schoeneman offers no support for this proposition, and "undeveloped and unsupported claims are waived."  *U.S. v. Smallwood*, 188 F.3d 905, 914 (7th Cir. 1999).

More importantly, Schoeneman's contract with Chicago Import does not guarantee that Schoeneman will be paid anything. Instead, the amount Schoeneman might recover – as set forth in a contract it drafted – is explicitly linked to a percentage of whatever Chicago Import might recover under any applicable insurance policy. (Mot. to Intervene, Ex. 1A.) As ASI's answer and other filings in this case make abundantly clear, ASI disputes that Chicago Import is entitled to recover anything under its policy with ASI. (*See, e.g.*, Answer & Aff. Defs. at 18-20; ASI Opp'n at 1 [21].) Whether or not this Court permits Schoeneman to intervene, this Court's decision will have no impact on the contingent nature of Schoeneman's recovery. As a result, Schoeneman will suffer no prejudice if its motion is denied. In any event, this Court's resolution of the timeliness requirement is not dispositive because, as discussed below, Schoeneman has not met various other aspects of his burden for intervention.

### B. Schoeneman Has Not Established its Interest in This Litigation is Sufficient to Justify Intervention Under Rule 24(a).

When seeking to intervene as of right, a movant must demonstrate that its interest in the litigation is "direct and concrete" and "accorded some degree of legal protection." *Diamond v. Charles*, 476 U.S. 54, 75 (1986). While such an interest is difficult to define with particular precision, it is something more than a mere "betting" interest, but less than a property right. *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (citations omitted). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Id.* at 1381.

Here, Schoeneman has failed to meet its burden of establishing a sufficiently

concrete interest justifying intervention as of right.  Schoeneman is not a party to Chicago Import's insurance policy with ASI.  Schoeneman's interest in that policy is entirely contingent upon Chicago Import prevailing upon its claims against – or settling with – ASI.  If Chicago Import is unsuccessful on its claims or fails to reach a settlement with ASI, Schoeneman recovers nothing.  Thus, Schoeneman possesses the very sort of betting interest in the outcome of a case for which Rule 24(a) does not permit intervention.  *See, e.g., Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir.1982) (upholding denial of intervention to movants entitled to partnership profits where movants were not partners themselves; while the amount movants would receive might be affected by the interpretation of the partnership agreement, movants had no legal interest in the agreement itself); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) ("the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit – maybe you're a creditor of one of them – does not entitle you to intervene in their suit").

In its reply, Schoeneman contends for the first time that it should be allowed to intervene under the decision in *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, where, it contends, the Court held that "a third party beneficiary to an insurance policy, not the insured and not the insurer, has a sufficient interest to justify intervention when the only way it can collect damages is if the underlying policy is in full force and effect."  (Reply at 2.)  Putting aside the fact that Schoeneman waived this argument by failing to raise it in its opening motion, *Fenster*, 301 F.3d at 859, even if Schoeneman has accurately characterized the *Schipporeit* holding, that holding is inapplicable here.  Schoeneman has not established that it is a third-party beneficiary to Chicago Import's insurance

8

policy with ASI. *See, e.g.*, *F.H. Paschen/S.N. Nielsen, Inc. v. Burnham Station, LLC,* 273 Ill. App. 3d 89, 97 (1st Dist. 2007) (only third parties who are direct beneficiaries have rights under a contract). Schoeneman has not provided any evidence – much less explicitly argued – that Chicago Import and ASI intended the policy to benefit Schoeneman. Any rights Schoeneman may have stem from its contract with Chicago Import, and are by definition contingent on whether or not Chicago Import obtains any amount from ASI under the policy. As a result, Schoeneman cannot be considered a third-party beneficiary of the policy. *Burnham Station,* 273 Ill. App. 3d at 97 (plaintiff was not a third-party beneficiary where it failed to identify any words in the agreement that would constitute an "express declaration to overcome the presumption that [the parties to the contract] contracted only for themselves").

Additionally, the facts of *Schipporeit* are not at all comparable to those at issue here, as Schoeneman recognizes in its reply. (Reply at 2.) Among other things, unlike the situation in *Schipporeit*, Schoeneman does not argue that Chicago Import may fail to press its coverage claims against ASI. For all of those reasons, Schoeneman has failed to establish that it possesses an interest sufficient to justify intervention as of right.

### C. Plaintiff Chicago Import Adequately Represents Schoeneman's Interests.

Where an applicant for intervention and an existing party have the same ultimate objective, adequacy of representation is presumed, and intervention as of right is not warranted. *Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996); *Flying J*, 578 F.3d at 572.

Here, it is incontestable that Schoeneman and Chicago Import have the same goals: that Chicago Import's policy with ASI be found to cover the losses sustained at Chicago Import's warehouse, and that Chicago Import recover as much as possible under that policy. In its reply, Schoeneman concedes as much. (Reply at 2 ("With respect to the 4th prong of intervention as of right requirements, Schoeneman admits that it is aligned with Plaintiff, Chicago Import....").) Schoeneman contends that its experience as a public adjuster renders its knowledge of losses more sophisticated than Chicago Import's. (Reply at 3.) Again, putting aside Schoeneman's belated assertion of this argument in its reply, the accuracy of this statement is by no means clear. While a public adjuster may have greater familiarity in dealing with insurers and assembling insurance claims than the typical insured, there is no reason – other than Schoeneman's unsupported assertion – to believe that an adjuster would have more knowledge regarding an insured's particular loss than the insured itself.

Further, even if Schoeneman's assertion were accurate, that might make it a compelling witness in this case, but does not establish Schoeneman's right to intervene. Schoeneman cites no authority that supports its argument that relative knowledge of damages is an appropriate measure of the adequacy of representation. Finally,

Schoeneman does not suggest that Chicago Import is not vigorously pursuing its interests in this case. As a result, because Schoeneman's and Chicago Import's objectives are identical, Schoeneman is not entitled to intervention as of right. *Solid Waste Agency,* 101 F.3d at 508 (where would-be intervenors' interest in litigation was identical to defendant Army Corps of Engineer's – to defeat plaintiff's efforts to invalidate defendant's permit denial – DOJ's adequacy of representation was presumed and precluded intervention as of right); *see also Flying J,* 578 F.3d at 572 (noting that had the intervenor sought to intervene earlier, its motion would have properly been denied on the ground that the state's attorney general was adequately defending the statute).

      **D.**      **Schoeneman has Not Established that it has a Claim or Defense that Shares a Common Question of Law or Fact with the Main Action.**

As noted above, permissive intervention under Rule 24(b) may be granted at the Court's discretion where the applicant's claim and the main action share a common question of law or fact. Here, it is impossible to determine whether Schoeneman meets this requirement. Among other things, Schoeneman has failed to comply with Rule 24(c)'s requirement that an applicant for intervention provide a pleading setting forth the claim for which it seeks to intervene. Based on the filings related to the pending motion, it is clear that Schoeneman has no claim against ASI. At best, Schoeneman currently has a potential contract claim against Chicago Import. However, Schoeneman does not argue that Chicago Import has breached – or manifested any intent to breach – their contract entitling Schoeneman to a percentage of Chicago Import's recovery from ASI. Indeed, it would be difficult for Schoeneman to so argue, since Chicago Import has not

11

yet recovered anything from ASI.  Additionally, Schoeneman and Chicago Import's contract appears to contain a safeguard against Chicago Import's breach, as it authorizes an insurer to withhold sufficient funds from Chicago Import's settlement or recovery to pay Schoeneman directly.  (Mot. to Intervene, Ex. 1A ("[Chicago Import] hereby authorize[s] the insurance companies involved to withhold sufficient funds from [its] settlement or recovery to pay A. Schoeneman & Co., Inc. for such fees and advances and [Chicago Import] assign[s] to A. Schoeneman & Co. the proceeds of such policies of insurance to the extent necessary to satisfy such fees and advances.").  As a result, Chicago Import would presumably be precluded from breaching its obligation to pay Schoeneman five percent of Chicago Import's recovery from ASI, if Chicago Import wanted to evade that obligation in the first place.

Further, even assuming Schoeneman currently possessed a breach of contract claim against Chicago Import, the resolution of that claim would not involve any issue of fact or law common to Chicago Import's claims against ASI.  As ASI points out in its opposition, resolving Schoeneman's claim involves determinations of whether Schoeneman and Chicago Import entered into a valid and enforceable contract and whether Schoeneman complied with its duties under that contract, and if so, what, if anything, Chicago Import is required to pay under that contract.  (*See* ASI Opp'n at 4-5.)  Those issues have nothing to do with whether ASI has any obligation to indemnify Chicago Import under their insurance policy.[3]

---

[3]  Although not dispositive to the pending motion, it is worth noting that Schoeneman fails to identify on which side it wishes to intervene or to address the issue of subject matter jurisdiction.  As discussed above, Schoeneman has no claim against defendant ASI, and only a potential breach of contract claim against plaintiff Chicago

## IV. CONCLUSION

Wherefore, for the reasons stated above, A. Schoeneman & Co.'s motion to intervene [17, 18] is denied. It is so ordered.

**ENTERED:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: August 24, 2010**

---

Import. If it intervened as a defendant, its common Illinois citizenship with Chicago Import would destroy diversity. Generally, independent jurisdiction over an intervenor's claim must exist. 28 U.S.C. § 1367(b). However, because, on the facts before the Court at this time, Schoeneman would have an interest justifying intervention only in the event Chicago Import failed to press its claims against ASI, jurisdiction would not be defeated. See *Craddieth*, 442 F.3d at 1025 ("Jurisdiction is not defeated by the intervention of a party who had "no interest whatsoever in the outcome of the litigation until sometime after suit was commenced.") (citation omitted).